IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**KAYLAN STUART, et al.**                                                              **PLAINTIFFS**

**V.**                                      **CASE NO. 5:14-CV-5275**

**GLOBAL TEL*LINK CORPORATION**                                          **DEFENDANT**

## OPINION AND ORDER

Currently before the Court is Defendant Global Tel*Link Corporation's Motion for Extension of Time to File Responsive Pleading (Doc. 24), filed on January 9, 2015. For the reasons stated herein, the Motion is **GRANTED IN PART AND DENIED IN PART.**

On September 4, 2014, Plaintiff Kaylan Stuart initiated this lawsuit by filing her Class Action Complaint. (Doc. 1). Defendant was served with the Complaint on September 8, 2014, making its answer due on September 29, 2014. See Doc. 5; Fed. R. Civ. P. 12(a)(1)(A)(i). On October 9, 2014, Defendant made its first filing in this case, a Motion for Extension of Time to File Responsive Pleading, in which it requested "an extension for filing its responsive pleading to the Complaint until and including November 10, 2014," and stated that Plaintiff's counsel had "agreed to grant" such an extension. (Doc. 8). The Court granted Defendant's Motion on that same day through entry of a text-only order. On November 7, 2014, Defendant made its second filing in this case, another Motion for Extension of Time to File Responsive Pleading, in which it requested "an additional extension for filing its responsive pleading to the Complaint until and including November 20, 2014," and stated that Plaintiff's counsel had again "agreed to grant" such

1

an extension. On November 10, 2014, the Court granted Defendant's second Motion through entry of a text-only order.

On November 20, 2014—the deadline to file its responsive pleading—Defendant filed its Motion for Primary Jurisdiction Referral and Stay. (Doc. 16). That filing did not contain any responsive pleading or motion that would alter the deadline to file a responsive pleading under Fed. R. Civ. P. 12(a)(4). As of the present moment, Defendant still has not filed any responsive pleading or Rule 12 motion. On December 12, 2014, the parties filed their Joint Rule 26(f) Report, in which they wrote that "Defendant shall file a responsive pleading to Plaintiff's Complaint by January 12, 2015." (Doc. 20, § 6). However, no formal motion for extending the deadline to file a responsive pleading beyond November 20 was ever filed; therefore, the Court never entered any order extending the deadline to file a responsive pleading beyond November 20, 2014.

In Defendant's January 9 Motion, Defendant noted that "the parties agreed [in their Joint Rule 26(f) Report] that Defendant should file its responsive pleading . . . on or before January 12, 2015." Defendant further stated in its January 9 Motion that "the parties have agreed that the deadline for Defendant to file an Answer should be extended until 15 days after the Court rules on Defendant's Motion to Refer and Stay." However, additionally Defendant seeks, over Plaintiff's objection, that it be permitted to file "its first Responsive Pleading (not necessarily being limited to an Answer)" up to 15 days after the Court rules on its Motion to Refer and Stay.

The Court would note at the outset that mere agreement by the parties that a pleading deadline *ought* to be extended is not equivalent to entry of an order actually granting such an extension. Occasionally and for a variety of reasons, this Court denies

2

motions for continuances or extensions of time that parties jointly request or to which there are no objections by any parties. If a party desires extension of a pleading deadline that has expired, then that party should file a motion requesting the extension. See Local Rule 6.2(a). Here, given § 6 of the Joint Rule 26(f) Report (Doc. 20) and ¶ 3 of the instant Motion (Doc. 24), the Court will construe the instant Motion as follows:

- Defendant requests an extension of the deadline for Defendant to file its responsive pleading from November 20, 2014, to 15 days after the Court rules on Defendant's pending Motion to Refer and Stay (Doc. 16);
- Plaintiff does not object to an extension of the deadline for Defendant to file its responsive pleading from November 20, 2014, to January 12, 2015;
- Plaintiff objects to an extension of the deadline for Defendant to file any responsive pleading other than an answer to beyond January 12, 2015; and
- Plaintiff does not object to an extension of the deadline for Defendant to file its answer to 15 days after the Court rules on Defendant's pending Motion to Refer and Stay (Doc. 16).

The Court finds that neither equity nor administrative efficiency would be served by denying the relief sought in the instant Motion to which Plaintiff does not object. However, the Court also finds that Defendant has had ample time to contemplate and prepare its responsive pleading, having already received two prior extensions in addition to the relief granted in this Order, and that at this point no further extensions of Defendant's responsive pleading deadline are warranted absent agreement thereto by Plaintiff.

**IT IS THEREFORE ORDERED** that Defendant's January 9, 2015, Motion for Extension of Time to File Responsive Pleading (Doc. 24) is **GRANTED IN PART AND DENIED IN PART** as follows:

The deadline for Defendant to file any responsive pleading other than an answer is extended to January 12, 2015.

The deadline for Defendant to file its answer is extended to 15 days after the Court rules on Defendant's pending Motion to Refer and Stay (Doc. 16).

After January 12, 2015, Defendant may not file any motion pursuant to Fed. R. Civ. P. 12 that must be submitted prior to filing a responsive pleading.

**IT IS SO ORDERED** on this 12th day of January, 2015.

                                                      /s/ Timothy L. Brooks  
                                                      TIMOTHY L. BROOKS  
                                                      UNITED STATES DISTRICT JUDGE