**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**IN RE GLOBAL TEL*LINK**                                   **CASE NO. 5:14-CV-5275**
**CORPORATION ICS LITIGATION**

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are:

- Plaintiffs Kaylan Stuart's, Dustin Murilla's, and Walter Chruby's Motion to Amend Class Action Complaint (Doc. 109), and Defendant Global Tel*Link Corporation's ("GTL") Opposition (Doc. 117);

- GTL's Motion for Partial Summary Judgment (Doc. 103), Memorandum of Law in Support (Doc. 104), and Statement of Undisputed Material Facts in Support (Doc. 105); all parties' jointly Proposed Stipulation and Order (Doc. 108); Plaintiffs' Response in Opposition to GTL's Motion for Partial Summary Judgment (Doc. 115) and Response to GTL's Statement of Undisputed Material Facts and Responsive Statement of Undisputed Facts (Doc. 114); and GTL's Reply (Doc. 118);

- Intervenor Rocky Hobbs's Motion to Intervene (Doc. 90) and Memorandum of Law in Support (Doc. 91); GTL's Objection and Response (Doc. 94); and Mr. Hobbs's Reply (Doc. 96);

- GTL's Motion to Exclude Dr. Tardiff's Expert Report (Doc. 101) and Memorandum of Law in Support (Doc. 102); Plaintiffs' Response in Opposition (Doc. 111); and GTL's Reply (Doc. 120); and

- Plaintiffs' Motion to Strike Portions of the Expert Report of Roy J. Epstein, Ph.D. (Doc. 112) and Memorandum of Law in Support (Doc. 113); and GTL's Opposition (Doc. 121).

For the reasons given below, Plaintiffs' Motion to Amend Class Action Complaint (Doc. 109) is **GRANTED**, GTL's Motion for Partial Summary Judgment (Doc. 103) is **DENIED**, Mr. Hobbs's Motion to Intervene (Doc. 90) is **GRANTED**, GTL's Motion to Exclude Dr. Tardiff's Expert Report (Doc. 101) is **DENIED**, and Plaintiffs' Motion to Strike Portions of the Expert Report of Roy J. Epstein, Ph.D. (Doc. 112) is **DENIED**.

### I. Plaintiffs' Motion to Amend Class Action Complaint (Doc. 190), and GTL's Motion for Partial Summary Judgment (Doc. 103)

Paragraph 6 of Plaintiffs' Amended Consolidated Class Action Complaint (Doc. 47) currently reads, in relevant part, as follows:

> Mr. Murilla paid unjust and unreasonable telephone charges during his term of incarceration at Minnesota Correctional Facility – Moose Lake, which is part of the Minnesota DOC, for interstate calls he made during the Class Period to persons located in Texas using telecommunications services operated by Defendant between August 2010 and March 2011.

Plaintiffs and GTL recently stipulated to class periods for each count in the Complaint, and these newly-stipulated class periods exclude the telephone calls referenced in this paragraph. *See* Doc. 108. In order to ensure that their Complaint pleads conduct that falls within the newly-stipulated class periods with respect to each named Plaintiff, Plaintiffs seek leave to amend paragraph 6 to read thus:

> Mr. Murilla paid unjust and unreasonable telephone charges during his time of incarceration at Minnesota Correctional Facility – Rush City, which is part of the Minnesota DOC, for at least one interstate call he made during the Class Period, using telecommunication services operated by Defendant, including a call made on May 22, 2013.

(Doc. 109, p. 2).

Fed. R. Civ. P. 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  GTL has withheld consent, *see* Doc. 117, so the issue here is whether "justice so requires."  The Eighth Circuit has stated that "leave to amend . . . should normally be granted absent good reason for a denial," and explained further that "[t]he classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment.'"  *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (quoting *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989)).  Although the "decision whether to permit an amendment of the pleadings" is committed to the trial court's discretion, "reviewing courts have found an abuse of discretion in cases where the district court denied amendments based on facts similar to those comprising the original complaint."  *Id.*  Furthermore, "[t]he inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party."  *Id.*  However, "[w]here an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend."  *Id.*

GTL offers three arguments in opposition to Plaintiffs' Motion: that their proposed amendment is untimely, that it is futile, and that permitting it would be unduly prejudicial.  The Court disagrees on all three points.  Regarding timeliness: the Court's scheduling orders in this case have not yet imposed any deadlines for amendment of pleadings, *see, e.g.*, Doc. 78, and Plaintiffs filed the instant Motion on the very same day that the parties filed the joint stipulation which necessitated it, *see* Docs. 108, 109.  As for undue

prejudice: Plaintiffs base their new allegation on "phone records produced by GTL during discovery that Plaintiff Murilla did pay for a May 2013 call from Minnesota Correctional Facility – Rush City"—and as noted in the preceding paragraph, "[t]he inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party." *Popp Telcom*, 210 F.3d at 943.

Turning finally to the issue of futility: although arguments over futility of amended pleadings are ordinarily evaluated under the standard applicable to Rule 12(b)(6) motions to dismiss, GTL contends that futility may be evaluated instead under the summary judgment standard when the record is sufficiently developed and a summary judgment motion is pending. *See* Doc. 117, pp. 8–9 (citing *ITT Educ. Servs., Inc. v. AP Consol. Theatres II Ltd. P'ship*, __ F. Supp. 3d __, 2016 WL 3945267, at *9 (E.D. Ark. July 19, 2016)).[1] Here, there is indeed a pending Partial Motion for Summary Judgment (Doc. 103) filed by GTL, which the parties agree their joint stipulation has mooted in all respects except as to this sole issue of futility. *See* Doc. 108, p. 2; Doc. 115, pp. 2–4. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of any logical inferences that can be drawn from the facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997). The moving party, GTL, bears the burden of proving the absence of any material factual

---

[1] GTL does not contend that Plaintiffs' proposed amendment would be futile under the ordinary Rule 12(b)(6) standard, and if GTL had so contended, the Court would have disagreed. Plaintiffs' proposed amendment, accepted as true for the purposes of futility analysis, obviously states a claim on which relief may be granted.

disputes.  Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  If GTL meets this burden, then Plaintiffs must "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)).  These specific facts must be "such that a reasonable jury could return a verdict for the nonmoving party."  *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

GTL points to Mr. Murilla's deposition testimony that he made no interstate phone calls after 2010 while incarcerated, and asserts that "Plaintiffs have no evidence to support their claim that Murilla made and paid for an interstate call in 2013."  *See* Doc. 118, pp. 2–3.  Of course this is not strictly correct because, as previously mentioned, GTL's own billing records indicate, at a minimum, that Mr. Murilla was billed for a 2013 interstate call.  GTL counters that while these records "merely show[] that Murilla was *billed* for this call," they do "not show whether he (or anyone else) *actually paid for the call.*"  *Id.* at 3 (emphasis in original).  But this argument misapplies the summary judgment legal standard, which requires the Court to view the record in the light most favorable to Plaintiffs and to give them the benefit of any reasonable inferences that can be drawn therefrom.  Besides the testimony to which GTL points, Mr. Murilla also testified that he believes he "paid excessively high phone rates . . . [t]hroughout [his] incarceration," *see* Doc. 106-9, p. 9, lines 9:1–9:3, at "[a]ll the DOC correctional facilities" where he has been incarcerated, *see id.* at 12, lines 16:5–16:7; that he has paid his phone bills through his commissary account, *see id.* at 15, lines 38:2–38:13; and that he cannot remember all of

the calls he has made, *see id.* at 26, lines 74:17–74:21.   A juror could consider the aforementioned billing records in the context of Mr. Murilla's *entire* testimony and reasonably infer that he made, and paid for, an interstate call in 2013 that he was unable to specifically remember.   In other words, there is a material dispute of fact on this point which renders summary judgment inappropriate.

GTL makes one other argument in support of futility: that Mr. Murilla's injuries from the 2013 call, even if proven, would amount to no more than 64 cents which, under the common-law doctrine of "*de minimis non curat lex*," is a trifle with which the law should not concern itself.   *See, e.g.*, *Smith v. Altier*, 184 Minn. 299, 301–02, 238 N.W. 479 (1931); *Rauhoff v. Henry Gramling & Co.*, 42 F. Supp. 754, 756–57 (E.D. Ark. 1941).   But Murilla seeks not only to recover his 64 cents, but also to represent a nationwide putative class of similarly situated individuals.   This Court is of the opinion that whatever may be said of the significance of 64 cents in isolation, a mountain of trifles is not itself a trifle. Accordingly, Plaintiffs' Motion to Amend Class Action Complaint (Doc. 190) is **GRANTED**, and GTL's Motion for Partial Summary Judgment (Doc. 103) is **DENIED**.

## II.  Mr. Hobbs's Motion to Intervene (Doc. 90)

Rocky Hobbs has moved to intervene as a named plaintiff in this action, under Fed. R. Civ. P. 24.   *See* Doc. 90.   Rule 24 provides for intervention of right, as well as for permissive intervention.   Mr. Hobbs argues that intervention is appropriate under either of these avenues; GTL disagrees on both points.   The Court finds that permissive intervention is warranted, and therefore does not reach the issue of intervention of right.

Rule 24(b)(1)(B) states that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common

question of law or fact."   However, Rule 24(b)(3) cautions that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."   Courts must "construe Rule 24 liberally and resolve any doubts in favor of the proposed intervenors."   *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 831 (8th Cir. 2010) (quoting *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assoc., Inc.*, 60 F.3d 1304, 1307 (8th Cir. 1995)).   "The issue of the timeliness of a motion to intervene is a threshold issue" which is also committed to this Court's discretion, and must be "determined by considering all the circumstances of the case."   *Id.* at 831–32.   The factors to be considered include: "(1) how far the litigation had progressed at the time of the motion for intervention, (2) the prospective intervenor's prior knowledge of the pending action, (3) the reason for the delay in seeking intervention, and (4) the likelihood of prejudice to the parties in the action."   *Id.* at 832 (alteration brackets removed).   But "[a]s a general rule, intervention in a class action is considered timely if it is sought prior to the time for opting out of the proposed class following certification."   *Hershey v. ExxonMobil Oil Corp.*, 278 F.R.D. 617, 620 (D. Kan. 2011) (citing *In re Cmty. Bank of N. Va. Second Mortg. Loan Litig.*, 418 F.3d 277, 314 (3d Cir. 2005)).

Here, intervention has been sought well before any deadline for opting out of the proposed class.   Indeed, no such deadline even exists yet, as class certification has not even occurred; a motion on that issue is currently pending.   *See* Doc. 92.   And although Mr. Hobbs's counsel, who is also counsel for Plaintiffs in this action, has of course known of this case from its inception, *see In re Wholesale Grocery Prods. Antitrust Litig.*, 2015 WL 4992363, at *9 (D. Minn. Aug. 20, 2015) (imputing counsel's knowledge of case to intervenor because counsel had "participated in this case since its inception"), Mr. Hobbs

7

is seeking intervention in order to shore up potential deficiencies in class representation that only arose less than three months before he filed the instant Motion, when Maryum Cooper withdrew as a named plaintiff in this action.  *See* Doc. 85; Doc. 91, p. 2.

As for prejudice to the existing parties, the Court believes none exists.  GTL argues there is prejudice because the addition of Mr. Hobbs as a named party would raise new issues beyond those raised by the existing plaintiffs, and would cause additional discovery, motion practice, and delay.  However, the "new" issues identified by GTL— claims arising after a particular 2013 Federal Communications Commission order was issued, claims arising from the use of pre-paid accounts rather than from inmate debit calls, and the enforceability of individual arbitration agreements—were already implicated by the class that Plaintiffs sought to represent in their Amended Consolidated Class Action Complaint, before Mr. Hobbs ever attempted to intervene.  *See* Doc. 47, ¶ 45 (seeking to represent a class consisting of "*all* persons in the United States who, at *any time since 2000*, have paid to use the telephone systems provided by GTL . . .").  If the Court certifies a class with Mr. Hobbs as a class representative, then the Court will permit GTL to conduct discovery into his adequacy as a class representative while the parties conduct their general merits discovery; and if any currently unforeseeable problems with Mr. Hobbs's adequacy as a class representative are discovered, then the Court will entertain an appropriate motion at that time.  *Cf. Hervey v. City of Little Rock*, 787 F.2d 1223, 1227 (8th Cir. 1986) ("The court's duty to assure compliance with Rule 23(a) continues even after certification . . . ."); Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").  To

whatever extent necessary to prevent delay, the Court will impose appropriate deadlines in its Final Case Management Order.

After considering all the circumstances of this case, then, the Court concludes in its discretion that Mr. Hobbs's Motion to Intervene is timely, and that his intervention would not unduly delay or prejudice the adjudication of the original parties' rights. The Court further finds that Mr. Hobbs obviously has a claim that shares with the main action a common question of law or fact. Therefore, given the liberal construction of Rule 24 that the Eighth Circuit requires, *see Ritchie Special Credit Invs.*, 620 F.3d at 831, the Court will exercise its discretion to **GRANT** Mr. Hobbs's Motion to Intervene (Doc. 90) under Fed. R. Civ. P. 24(b)(1)(B).

### III. Motions to Exclude or Strike Expert Reports (Docs. 101 and 112)

GTL has filed a Motion to Exclude the expert report of Plaintiffs' class certification expert, Timothy J. Tardiff, Ph.D. (Doc. 101). In its Motion, GTL asks this Court not to consider Dr. Tardiff's expert report and testimony "at the class certification stage or at any other stage of this litigation" because his opinions "are not supported by sufficient facts, data, or validation, and are not 'sufficiently tied to the facts of the case [such that they will] aid the [trier of fact] in resolving' matters in dispute, as required by the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993)." *See* Doc. 101, p. 1 (alterations in original). Similarly, Plaintiffs have filed a Motion to Strike Portions of the Expert Report of GTL's class certification expert, Roy J. Epstein, Ph.D., (Doc. 112), because the offending portions are "not sufficiently tied to the facts of this case," "not supported by sufficient facts, data or validation as required by the Federal Rules of Evidence and *Daubert*," or are "impermissible legal opinion[s]." *See* Doc. 112, pp. 1–2.

The Court believes both of these Motions are either premature, or request relief that is inappropriate or unnecessary at the class certification stage.

"[R]elevant expert testimony must be evaluated and weighed by the court before it decides to certify a class." *In re Zurn Pex Plumbing Prods. Liability Litig.*, 644 F.3d 604, 611 (8th Cir. 2011). But the Eighth Circuit has "never required a district court to decide conclusively at the class certification stage what evidence will ultimately be admissible at trial." *Id.* This is because "[c]lass certification is inherently tentative"—especially when, as here, there has been bifurcated discovery which may result in "gaps in the available evidence" at the class certification stage. *Id.* at 612–13 (internal quotation marks omitted). "The main purpose of *Daubert* exclusion is to protect juries from being swayed by dubious scientific testimony," but "[t]hat interest is not implicated at the class certification stage where the judge is the decision maker." *Id.* at 613. In other words, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *Id.* (alteration in original).

The Court will deny both parties' *Daubert* Motions, as it "believe[s] it is appropriate for [the Court] to consider all evidence at this stage of the proceedings." *Blades v. Monsanto Co.*, 400 F.3d 562, 569 (8th Cir. 2005). The Court will "consider[] all expert testimony offered by both sides in support of or in opposition to class certification" and will "afford[] that testimony such weight as [it] deem[s] appropriate." *Id.*[2] In so ruling, the Court is mindful of the fact that in *Wal-Mart Stores, Inc. v. Dukes*, the United States Supreme Court observed in dictum that it "doubt[ed]" the correctness of the conclusion

---

[2] The language that is quoted in the preceding two sentences appears in the district court's opinion in *Blades*, which the Eighth Circuit extensively block-quoted and affirmed on appeal.

by the district court in that case "that *Daubert* did not apply to expert testimony at the certification stage of class-action proceedings." 564 U.S. 338, 354 (2011). To be clear, this Court does not intend to *rely*, in its order on class certification, on any portion of an expert report or testimony that does not satisfy *Daubert* as applied solely to issues of class certification. *See Zurn*, 644 F.3d at 612 n.5. But to be frank, to whatever extent the Supreme Court's doubts are directed towards the question of what this Court can even *consider* at the class certification stage, this Court does not share those doubts, and does not view this dictum as controlling. Obviously, the Court must *consider* evidence in order to make an informed determination of whether such evidence passes muster under *Daubert* in the first place.

This Court believes that judicial economy is poorly served, and the likelihood of prejudicial error is increased, by striking or excluding expert evidence prior to making any ruling on class certification. The far safer, and far more efficient, approach is simply to address *Daubert* issues within the class certification opinion itself, and only to the extent that the class certification order implicates them. The parties may rest assured that in every instance where this Court *relies* on expert materials in its class certification order, it will explicitly cite to those expert materials, chapter and verse, and justify its reliance thereupon. And to whatever extent a *Daubert* challenge has been raised against the relied-upon portions, this Court's class certification opinion will explain why that particular challenge was unavailing.

The Court appreciates the arguments both sides have made as to the reliability and relevance of these experts' reports and testimony, and the Court will continue to consider these arguments when ruling on class certification. Furthermore, counsel should

not interpret this Order as foreclosing oral argument at the class certification hearing on how much weight should be given to what evidence the experts have offered in support of their parties' respective positions.  But the Court will not be excluding or striking any expert reports or testimony at this stage of proceedings.  Accordingly, GTL's Motion to Exclude Dr. Tardiff's Expert Report (Doc. 101) and Plaintiffs' Motion to Strike Portions of the Expert Report of Roy J. Epstein, Ph.D. (Doc. 112) are both **DENIED**.

### IV.  Conclusion

**IT IS THEREFORE ORDERED** that:

- Plaintiffs Kaylan Stuart's, Dustin Murilla's, and Walter Chruby's Motion to Amend Class Action Complaint (Doc. 109) is **GRANTED**;

- Defendant Global Tel*Link Corporation's Motion for Partial Summary Judgment (Doc. 103) is **DENIED**;

- Intervenor Rocky Hobbs's Motion to Intervene (Doc. 90) is **GRANTED**;

- Defendant Global Tel*Link Corporation's Motion to Exclude Dr. Tardiff's Expert Report (Doc. 101) is **DENIED**; and

- Plaintiffs Kaylan Stuart's, Dustin Murilla's, and Walter Chruby's Motion to Strike Portions of the Expert Report of Roy J. Epstein, Ph.D. (Doc. 112) is **DENIED**.

Plaintiffs may file a Second Amended Consolidated Class Action Complaint consistent with the ones proposed at Docs. 90-1 and 109-1 **by no later than December 5, 2016**. The Clerk of the Court is directed to add Rocky Hobbs as a named plaintiff in this action upon such Complaint's filing.

**IT IS SO ORDERED** on this _____ day of November, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE